# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO NUNEZ,<br><br>                      Plaintiff,<br>  vs.<br>F. RAMIREZ,<br><br>                     Defendant. | CASE NO. 09cv413 WQH (BLM)<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are Defendant's Motion to Dismiss Count 1 of the Complaint (Doc. # 6) and the Report and Recommendation (Doc. # 10) filed by the Magistrate Judge.

## BACKGROUND

On February 26, 2009, Plaintiff, a state prisoner proceeding *pro se*, initiated this action by filing the complaint. (Doc. # 1). Plaintiff's complaint alleges two claims against Defendant: (1) free speech; and (2) freedom from cruel and unusual punishment. *Id.* at 3-5. Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") along with his complaint. (Doc. # 2). On April 6, 2009, the Court granted Plaintiff's Motion to Proceed IFP and performed the *sua sponte* screening required by the Prison Litigation Reform Act, 28 U.S.C. § 1915. (Doc. # 3).

Plaintiff alleges that he was confronted by Defendant and four other correctional officers while he was discussing a job change with two other inmates in Prison Yard "A" at

1  Centinela State Prison. (Doc. # 1 at 3). Plaintiff alleges that Defendant "began cursing, stating
2  'You (mother fxxxxxx) are stupid, we are looking right at you and you want to keep
3  drinking.'" *Id.* Plaintiff alleges that, in response, he "simply suggested 'If you saw who was
4  drinking, why don't you address that person instead of disrespecting everybody.'" *Id.*
5  Defendant allegedly responded "You have a big smart mouth, but are stupid." *Id.* Plaintiff
6  alleges that he then told Defendant that "[Defendant] was the stupid one and that's why he had
7  that job." *Id.* Plaintiff alleges that another prison official, Sergeant Centeno, told the group
8  of inmates that "we were only going to come talk to you, but because of him (pointing at me)
9  you are all getting stripped out." *Id.* However, Plaintiff alleges that Defendant only performed
10 an unclothed body search on Plaintiff and did not search the other inmates who were standing
11 in the yard. *Id.*

12    Plaintiff alleges that after he complied with the search, Sergeant Centeno ordered him
13 to "cuff up" so that Defendant could handcuff him. *Id.* Plaintiff alleges that after he complied,
14 Sergeant Centeno ordered Defendant to take Plaintiff to the program office. *Id.* Plaintiff
15 alleges that Defendant began to walk with Plaintiff and then asked Sergeant Centeno, "To the
16 program office?" *Id.* Sergeant Centeno replied "Yes." *Id.* Defendant asked Sergeant Centeno
17 again "To the program office?" *Id.* Plaintiff alleges that he did not hear the Sergeant respond.
18 Plaintiff alleges that Defendant asked Sergeant Centeno a third time "To the program office?"
19 and Plaintiff said "Ya mamasela." *Id.*

20    Plaintiff alleges that Defendant looked over his shoulder and yelled "Do not strike me!
21 Get down, get down!" and pushed Plaintiff to the ground. *Id.* Plaintiff alleges "I turned my
22 face to the right so that my nose would avoid the impact" and "crossed my legs to show any
23 witness I was not resisting." *Id.* Plaintiff alleges Defendant continued "grinding my face to
24 the floor" until another prison official, Lieutenant Caldwell arrived at the scene and ordered
25 those present to put on latex gloves because Plaintiff was bleeding from the mouth. *Id.* at 4.
26 Plaintiff alleges that he was cleaned up, and after a medical evaluation, gave a videotaped
27 statement accusing Defendant of "police brutality." *Id.*

28    Plaintiff alleges that he exhausted his administrative remedies:

> First I wrote a staff complaint. It was granted in part. Not satisfied, I sent it to Sacramento 3rd level - it was denied but it was not returned to me. I was found guilty of the Rule Violation Report. On appeal, the Rule Violation Report got reissued to be reheard (3 times). On the fourth time, the charges were dismissed. I was released from Administrative Segregation after 8 months of punishment.

*Id.* at 7.

On July 28, 2009, Defendant filed his Motion to Dismiss Count 1 of the Complaint. (Doc. # 6). Defendant contends that Plaintiff has failed to state a First Amendment claim for freedom of speech or retaliation pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.* at 2. Defendant contends that Plaintiff has not "specified what the protected speech is" and that none of the statements Plaintiff allegedly made qualify as protected speech. (Doc. # 6-1 at 4). Defendant contends that Plaintiff "did not put forth any facts that actually allege that [Defendant] prevented [Plaintiff] from exercising his freedom of speech." *Id.* Defendant contends that Plaintiff has also failed to plead the elements of a viable First Amendment retaliation claim. *Id.* at 5. Defendant contends that Plaintiff failed to allege any facts showing Defendant "took adverse action against Plaintiff." *Id.* Defendant contends that his actions, specifically strip searching Plaintiff and placing Plaintiff in handcuffs, were motivated by his suspicion that the group of inmates were drinking and his concern that Plaintiff's conduct could "lead to violence." *Id.* Defendant contends that he was obeying the "lawful orders of a supervising officer." *Id.* Defendant contends Plaintiff has failed to allege facts which would show the "absence of legitimate correctional goals." *Id.* Defendant contends that he was enforcing California Code of Regulations Title 15, §§ 3004, 3005, and 3016 and that the Court should therefore dismiss Plaintiff's claim.

On August 24, 2009, Plaintiff filed his response in opposition to Defendant's motion. (Doc. # 8). Plaintiff contends that he alleged that his statements were protected by the First Amendment. *Id.* at 2. Plaintiff contends that being strip searched, handcuffed, and subject to a false accusation of assaulting a correctional officer constitute retaliation, "freezing the plaintiff's right to free speech." *Id.* Plaintiff contends that Defendant's assault upon him was "clearly retaliating and punishing Plaintiff for correcting Defendant on how to do his job." *Id.* Plaintiff contends that the fact that Defendant was ordered to "search and escort the plaintiff

1 does not justify the Unethical and Criminal behavior Defendant RAMIREZ engaged in." *Id.*
2 Plaintiff contends that he plead all of the elements of a claim for retaliation pursuant to *Rhodes*
3 *v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

4   Respondent did not file a reply.

5   On November 12, 2009, the Magistrate Judge issued her Report and Recommendation
6 ("R&R") recommending that this Court grant the motion and dismiss count 1 of the complaint
7 with prejudice. (Doc. # 10). The R&R concluded that Plaintiff "does not allege that he
8 engaged in protected speech nor does he allege that Defendant prohibited him from exercising
9 his free speech rights." *Id.* at 7. The R&R concluded that even if Plaintiff did allege that his
10 speech was protected and that he was prevented from exercising his free speech rights, "the
11 derogatory and challenging remarks Plaintiff directed toward Defendant cannot properly be
12 characterized as protected speech." *Id.* The R&R concluded that "protests and complaints that
13 involve a direct confrontation with prison officials" as opposed to a written grievance "enjoy
14 limited constitutional protection because such behavior may present the danger of a
15 disturbance." *Id.* at 7-8. The R&R concludes that the California Code of Regulations Title 15,
16 § 3004(b) prohibited Plaintiff's statement because it displayed disrespect and risked
17 "disrupt[ing] orderly operations within the institution." *Id.* at 8 (citing Cal. Code Regs. tit. 15,
18 § 3004(b)). The R&R concluded that the risk was "especially acute where, as here, other
19 inmates were present because prison officials have a strong interest in 'preserving institutional
20 order and discipline.'" *Id.* (citing *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994). The
21 R&R concluded that Plaintiff failed to state a First Amendment free speech claim. *Id.* at 9.

22   The R&R concluded that, alternatively, if Plaintiff's complaint is construed as a First
23 Amendment claim for retaliation, it fails to allege the elements of that claim. *Id.* The R&R
24 concluded that even if Plaintiff's speech is protected, he "does not adequately plead a
25 connection between the protected statement and the Defendant's actions." *Id.* at 9-10. The
26 R&R concluded that Plaintiff did not adequately allege that Defendant's actions had a chilling
27 effect on his first amendment rights. *Id.* at 10. The R&R concluded that Plaintiff failed to
28 allege that Defendant's conduct did not reasonably advance a legitimate correctional goal. *Id.*

1	The R&R recommends that this Court grant Defendant's Motion to Dismiss Count 1
2	of the Complaint and dismiss the free speech claims with prejudice. *Id.* at 10-11.  The R&R
3	concludes that amendment would be futile because Plaintiff's complaint already contains
4	"detailed information regarding the statements that were made by Plaintiff and none of them
5	constitute protected speech." *Id.* at 11.

6	The R&R informed the parties that objections would be due by December 3, 2009 and
7	that any reply would be due on December 23, 2009.  *Id.*  Plaintiff filed an objection on
8	December 1, 2009. (Doc. # 11).  Defendant did not file any objections nor did he reply to
9	Plaintiff's objection.

10	Plaintiff's objection contends that his statement "If you saw who was drinking, why
11	don't you address that person instead of disrespecting everybody" is protected speech. *Id.* at
12	2.  Plaintiff contends that the Magistrate Judge erred in comparing Plaintiff's statement to
13	statements in prior cases where the prisoner swore, used abusive language, or made
14	demonstrably false accusations. *Id.* (citing *Lockett v. Suardini,* 526 F.3d 866, 874 (6th Cir.
15	2008) (prisoner's act of calling hearing officer a "foul and corrupted bitch" not protected
16	speech); *Smith v. Mosley*, 532 F.3d 1270, 1277 (11th Cir. 2008) (prisoner's "false and
17	insubordinate remarks" not protected speech); *Garrido v. Coughlin*, 716 F.Supp.98, 99-101
18	(S.D.N.Y. 1989) ("verbal confrontation" of officers over their treatment of another inmate not
19	protected conduct); *Franklin v. State of Oregon*, 563 F.Supp.1310, 1326 (D.Or. 1983) (First
20	Amendment does not extend to "use of expletives" directed toward a guard), aff'd in part and
21	rev'd in part, 795 F.2d 1221 (9th Cir. 1984);*Riggs v. Miller*, 480 F.Supp.799, 804 (E.D.Va.
22	1979) ("bickering, argumentative conversation" does not rise to the "lofty position of
23	constitutionally protected speech"); *Durkin v. Taylor*, 444 F.Supp.879, 881-83 (E.D.Va. 1977)
24	(statement that "I am tired of chickenshit rules" not protected speech)).  Plaintiff contends that
25	any risk of disturbance was cause by Defendant's response to Plaintiff's speech and not by
26	Plaintiff's speech itself.  *Id.*  Plaintiff contends that he plead all of the required elements of a
27	First Amendment retaliation claim as enumerated by the Ninth Circuit in *Rhodes*. *Id.* at 3
28	(citing *Rhodes*, 408 F.3d at 567-68).

## APPLICABLE LAW

The duties of the district court in connection with the Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C § 636(b). The district judge "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review *de novo* those portions of a Report and Recommendation to which neither party objects. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v.Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with

1  any specificity. A court need not accept Plaintiffs' unwarranted conclusion in reviewing a
2  motion to dismiss."). "In sum, for a Complaint to survive a motion to dismiss, the non-
3  conclusory factual content, and reasonable inferences from that content, must be plausibly
4  suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962,
5  969 (9th Cir. 2009) (quotations omitted).

6  A prisoner does not have the same First Amendment rights as a non-prisoner. *See Bell
7  v. Wolfish*, 441 U.S. 520, 545 (1979). However, "convicted prisoners do not forfeit all
8  constitutional protections by reason of their conviction and confinement in prison." *Id.* "[A]
9  prison inmate retains those First Amendment rights that are not inconsistent with his status as
10 a prisoner or with the legitimate penological objectives of the corrections system." *Pell v.
11 Procunier*, 417 U.S. 817, 822 (1974). A prisoner's First Amendment claim "must be analyzed
12 in terms of the legitimate policies and goals of the corrections system . . . ." *Id.*

13 In addition to directly challenging prison regulations which limit speech, a prisoner may
14 sue for retaliation in violation of the First Amendment pursuant to 28 U.S.C. § 1983. *See Rizzo
15 v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th
16 Cir. 2005) lays out the elements of a First Amendment retaliation claim by a prisoner: "(1) An
17 assertion that a state actor took some adverse action against an inmate (2) because of (3) that
18 prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First
19 Amendment rights, and (5) the action did not reasonably advance a legitimate correctional
20 goal."

21 **ANALYSIS**

22 Due to Plaintiff's objection to the Magistrate Judge's finding that his statement "If you
23 saw who was drinking, why don't you address that person instead of disrespecting everybody"
24 is not protected speech, this Court conducts *de novo* review of that issue. Although Plaintiff
25 contends that his speech "was neither challenging nor confrontational," Plaintiff ignores the
26 context of his speech. Plaintiff was directly confronting a correctional officer who was
27 attempting to enforce an indisputably valid prohibition against drinking alcohol. Such a direct,
28 face-to-face confrontation presents a danger of a disturbance and a disruption to institutional

1  order and discipline that a written grievance does not. *See Brodheim v. Cry*, 584 F.3d 1262,
2  1272-73 (9th Cir. 2009); *Bradley v. Hall*, 64 F.3d 1276, 1281 (9th Cir. 1995). The Magistrate
3  Judge correctly concluded that Plaintiff's statements are not protected speech in the prison
4  context, which is fatal to Plaintiff's First Amendment claim and his First Amendment
5  retaliation claim.

6  Plaintiff's free speech and retaliation claims are dependent on whether his statement "If
7  you saw who was drinking, why don't you address that person instead of disrespecting
8  everybody" is speech protected by the First Amendment. Because the statement is not
9  protected speech in the prison context, his free speech and retaliation claims fail regardless of
10 whether he has alleged all of the other elements of these claims. The Court therefore declines
11 to address Plaintiff's objections to the other conclusions of the R&R.

12 In addition to this initial statement, Plaintiff made two subsequent statements. First,
13 Plaintiff called Defendant stupid. Second, Plaintiff said "Ya mamasela" while he was being
14 escorted to the program office. Plaintiff does not object to the Magistrate Judge's
15 determination that insulting Defendant is not protected speech, nor does he object to the
16 Magistrate Judge's determination that his subsequent statement in Spanish does not constitute
17 protected speech. *See* Doc. # 11. Because neither party objects to these conclusions, this Court
18 need not conduct *de novo* review. *See Wang*, 416 F.3d at 1000 n. 13. The Court finds the
19 Magistrate Judge's determination on these issue is correct.

20 The R&R also concluded that Plaintiff's free speech claims should be dismissed with
21 prejudice on the grounds that amendment would be futile. (Doc. # 10 at 10-11). The R&R
22 notes that "Plaintiff's Complaint contains detailed information regarding the statements that
23 were made by Plaintiff and none of them constitute protected speech." *Id.* at 11. Neither party
24 objected to this conclusion. The Court finds that Plaintiff has already submitted specific and
25 detailed pleadings about all of the events that give rise to his claims and that allowing Plaintiff
26 to amend would be futile. Plaintiff has already identified the speech that is the basis of his
27 First Amendment claims and alleging additional facts consistent with his prior pleadings would
28 not change the Court's ruling that the speech is not protected speech. Therefore, the Court

1 | finds that the Magistrate Judge's determination that amendment would be futile is correct.

## CONCLUSION

**IT IS HEREBY ORDERED THAT** (1) the Report and Recommendation (Doc. # 10) is **ADOPTED**; and (2) Defendant's Motion to Dismiss Count 1 of the Complaint (Doc. # 6) is **GRANTED**. Plaintiff's free speech claims are **DISMISSED WITH PREJUDICE**.

DATED: March 24, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge