1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                     SOUTHERN DISTRICT OF CALIFORNIA
10
11   EDUARDO NUNEZ,                    )  Case No. 09cv413-WQH (BLM)
                                       )
12               Plaintiff,            )  **ORDER DENYING PLAINTIFF'S**
     v.                                )  **MOTION FOR APPOINTMENT OF**
13                                     )  **COUNSEL**
     C/O F. RAMIREZ,                   )
14                                     )  [Doc. No. 18]
                 Defendant.            )
15   _____ )

16

17        On April 30, 2010, Plaintiff, a state prisoner proceeding *pro se*,

18   moved this Court to appoint counsel.  Doc. No. 18.  In support of his

19   motion, Plaintiff states that the "complex" issues involved in this case

20   "will require significant research and investigation," he has "limited

21   access to the law library and limited knowledge of the law," and

22   "counsel would better enable [P]laintiff to present evidence and cross

23   examine witnesses" at trial.  <u>Id.</u> at 1.  Plaintiff states that despite

24   his "repeated efforts" to obtain a lawyer, he has been unable to do so

25   and he therefore requests the appointment of counsel to assist him in

26   prosecuting this civil action.  <u>Id.</u>  For the following reasons,

27   Plaintiff's motion is **DENIED**.

28   ///

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. <u>Lassiter v. Dep't of Soc. Servs.</u>, 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." <u>Agyeman v. Corr. Corp. of Am.</u>, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" <u>Id.</u> (quoting <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Thus far, Plaintiff has drafted and submitted numerous pleadings and motions without the assistance of counsel. In addition to the instant motion, he has submitted a complaint (Doc. No. 1), a motion to proceed *in forma pauperis* (Doc. No. 2), and a response in opposition to Defendant's motion to dismiss count 1 of the complaint (Doc. No. 9). Furthermore, via the U.S. Marshals, Plaintiff successfully effected service of the summons on his complaint. Doc. No. 3.

///
///
///
///
///
///
///
///
///
///

09cv413-WQH (BLM)

1    From the Court's review of these documents, it is clear that

2  Plaintiff is able to articulate the claims of his case.   Further,

3  Plaintiff does not demonstrate a likelihood of success on the merits

4  such that his case should be classified as an "exceptional

5  circumstance." <u>Agyeman</u>, 390 F.3d at 1103; <u>see also</u> <u>Wilborn</u>, 789 F.2d at

6  1331.   Plaintiff's request for appointment of counsel is therefore

7  **DENIED**.

8    **IT IS SO ORDERED.**

9

10 DATED:   May 3, 2010

11                              _Barbara T Major_

12                              BARBARA L. MAJOR
                                United States Magistrate Judge
13

14

15

16

17

18 COPY TO:

19 HONORABLE WILLIAM Q. HAYES
   U.S. DISTRICT JUDGE
20
   ALL COUNSEL AND UNREPRESENTED PARTIES
21

22

23

24

25

26

27

28

09cv413-WQH (BLM)