UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

EDUARDO NUNEZ,

Plaintiff,

v.

C/O F. RAMIREZ,

Defendant.

Civil No.   09-CV-413-WQH (BGS)

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

## I. INTRODUCTION

Plaintiff Eduardo Nunez ("Plaintiff" or "Nunez"), a state prisoner proceeding *pro se*, brought this action under 42 U.S.C. § 1983.  Plaintiff filed a Motion to Amend the Complaint on May 19, 2010. (Doc. No. 23.)  Plaintiff filed his motion within the time period permitted for amending the pleadings. (*See* Doc. No. 15 at 1.)  Magistrate Judge Major denied the motion without prejudice because Plaintiff failed to provide the court with a copy of his proposed First Amended Complaint.  (Doc. No 24 at 2.) Judge Major directed Plaintiff to re-file his motion on or before June 24, 2010, and to include the proposed First Amended Complaint.  (*Id.*)  Plaintiff timely re-filed his motion and included his proposed First Amended Complaint.[1]  (Doc. No. 28.)  Defendant, Correctional Officer F. Ramirez ("Defendant"

---

[1]In determining the filing date of a motion,  *pro se* prisoners generally are entitled to the benefit of the "mailbox rule," which dictates that the statutory filing date is the date a document was presented to prison authorities for mailing to the court.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).  Plaintiff signed his motion and proof of service stating that he gave the motion to prison officials on June 17, 2010.  (Doc. No. 28-2 at 10.)

or "Ramirez"), filed an opposition.  (Doc. No. 34.)  For the reasons below, the Court RECOMMENDS that Plaintiff's motion be GRANTED.

## II. FACTS

The Complaint alleges that Defendant violated Plaintiff's First Amendment right to free speech and his Eighth Amendment right to be free from cruel and unusual punishment.  (Doc. No. 1 at 3-6.) The Complaint named Ramirez as the only defendant. Plaintiff seeks to amend his complaint  to add causes of action for: (1) an alleged due process violation for being placed in administrative segregation; (2) an alleged equal protection violation; (3) an alleged due process violation for the loss of his property; (4) an alleged false arrest; and (5) defamation of character.  (*Id*. at 2-4.)  Plaintiff also seeks to add three new defendants: Correctional Officer Wagner, Sergeant Centeno, Lieutenant Caldwell, and John Doe. (*Id.* at 1-2.)

## III.  DISCUSSION

Pursuant to Rule 15, leave to amend should be freely granted "when justice so requires."  Fed. R. Civ. P. 15.  "Although Rule 15(a) gives the trial court discretion over this matter, [the Ninth Circuit has] repeatedly stressed that the court must remain guided by 'the underlying purpose of Rule 15 ... to facilitate decision on the merits, rather than on the pleadings or technicalities.'"  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Leave to amend should be granted more liberally to *pro se* plaintiffs. *See Ramirez v. Galaza,* 334 F.3d 850, 861 (9th Cir. 2003).

Five factors are taken into account "to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).  Upon review of the five factors, the Court recommends that Plaintiff be granted leave to amend.

This is Plaintiff's first proposed amendment to his Complaint.  Currently, Plaintiff's pleading only names one defendant, Correctional Officer Ramirez.  Plaintiff seeks to also add Defendant's supervisors based on their personal participation in the alleged violation.[2]  Denying Plaintiff an

---

[2]A supervisor is liable for constitutional violations of his subordinates if the supervisor "participated in or directed the violations," "knew of the violations and failed to act to prevent them," or "implement[ed] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

09-CV-413 WQH (BGS)

opportunity to name officers or other staff members who were on duty on the day of the incident may considerably hinder him in building his case.  Conversely, Defendant has failed to allege any bad faith, undue delay, or prejudice regarding Plaintiff's motion for leave to amend.  Instead, Defendant's Opposition argues the legal standard for a motion to dismiss the Complaint.  (Doc. No. 34 at 3-4.)  Defendant's futility argument hinges on what would properly be presented on a motion to dismiss.  Defendant, however, does not establish a complete lack of evidence for any of the alleged violations.  Issues related to evidentiary support may be more effectively resolved on later motions, after Plaintiff has been given a chance to file his First Amended Complaint.  As stated above, this is Plaintiff's first opportunity to amend his pleading.  In light of Plaintiff's *pro se* status and the general policy of resolution of cases on the merits, this Court recommends that Plaintiff be allowed an opportunity to present his case and amend his complaint.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) Granting Plaintiff's Motion to Amend.

**IT IS ORDERED** that no later than **February 15, 2011**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **10 days** of being served with objections.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

DATED:  February 1, 2011

Hon. Bernard G. Skomal
U.S. Magistrate Judge

1989); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

09-CV-413 WQH (BGS)