1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

EDUARDO NUNEZ

CASE NO. 09cv413 WQH (BGS)

12

Plaintiff,

ORDER

vs.

13

C/O F. RAMIREZ; CENTENO, Sgt.;
CALDWELL, Lt.; WAGNER, C/O;

14

JOHN DOE,

15

Defendants.

16

HAYES, Judge:

17

    The matter before the Court is the Magistrate Judge's Report and Recommendation

18

(ECF No. 51)  filed on November 14, 2011, recommending that the Court grant in part and

19

deny in part the Motion to Dismiss filed by Defendants Centeno, Wagner, and Caldwell (ECF

20

No. 48) and the Motion to Dismiss filed by Defendant Ramirez (ECF No. 39).

21

**BACKGROUND**

22

    On February 26, 2009, Plaintiff Eduardo Nunez, a pro se state prisoner, initiated this

23

action by filing a Complaint alleging civil rights violations pursuant to 42 U.S.C. § 1983.

24

(ECF No. 1).  On February 25, 2011, Plaintiff filed a First Amended Complaint.  (ECF No.

25

37).  Plaintiff alleges that on May 12, 2007, Plaintiff was standing with a group of inmates

26

in the prison "A" Yard when he was confronted by Defendants.  *Id*. at 4.  Plaintiff alleges

27

that Defendant Ramirez accused Plaintiff of drinking illegally manufactured alcohol.  *Id*.

28

Plaintiff alleges that he and Ramirez exchanged a series of insults and that Plaintiff was

subjected to a strip search. *Id*. Plaintiff alleges that although Defendants did not find any alcohol, Plaintiff was cuffed and taken to the program office. *Id*. at 4-5. Plaintiff alleges that he was beaten by Ramirez while en route to the program office. *Id*. at 5. Plaintiff alleges that he was accused of "battery on a peace officer" and placed in administrative segregation. *Id*. Plaintiff alleges that when he was released from administrate segregation, Plaintiff was told that his property had been lost. *Id*. at 6. Plaintiff alleges that he was later placed back into administrative segregation for the same alleged rules violation of "battery on a peace officer." *Id*. Plaintiff alleges that he was found guilty of a rules violation even though there was no evidence to support the violation. *Id*. Plaintiff asserts the following claims: (1) violation of the Fourteenth Amendment Due Process Clause based on his placement in administrative segregation; (2) violation of the Fourteenth Amendment Equal Protection Clause; (3) violation of Due Process based on his lost property; (4) violation of the Eighth Amendment based on excessive force; (5) violation of the Eighth Amendment based on the false accusation of a rules violation; (6) false arrest; and (7) defamation.

On May 26, 2011, Defendants filed a Motion to Dismiss the First Amended Complaint. (ECF No. 48). On August 2, 2011, Plaintiff filed an Opposition to the Motion to Dismiss. (ECF No. 50).

On November 14, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the Court grant in part and deny in part the Motion to Dismiss the First Amended Complaint filed by Defendants. (ECF No. 51). The Report and Recommendation recommends:

> (1) Plaintiff's Fourteenth Amendment Due Process claim stemming from his placement in Administrative Segregation be DISMISSED without prejudice and with leave to amend; (2) Plaintiff's Fourteenth Amendment Equal Protection claim be DISMISSED without prejudice and with leave to amend; (3) Plaintiff's Due Process claim regarding his lost property be DISMISSED with prejudice; (4) Plaintiff's Eighth Amendment Excessive Force claim be DISMISSED without prejudice as to Defendants Wagner, Centeno and Caldwell. The Court, however, recommends that Defendant Ramirez's motion to dismiss Plaintiff's excessive force claim be DENIED; (5) Plaintiff's Eighth Amendment claim alleging Defendants falsely accused him of a rules violation be DISMISSED without prejudice and with leave to amend; (6) Plaintiff's claim for false arrest be DISMISSED with prejudice; (7) Plaintiff's claim for

defamation be DISMISSED without prejudice and with leave to amend.

(ECF No. 51 at 16).

On December 15, 2011, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 52). Plaintiff "pleads the Court to give an opportunity to present evidence for the claims not recommended to be dismissed with prejudice." *Id*. at 2. Plaintiff contends that he would allege that he was placed in administrative segregation for 217 days in mechanical restraints which constitutes atypical and significant hardship in violation of the due process clause. *Id*. at 1. Plaintiff contends that he was the only Mexican inmate charged with a rule violation in violation of the equal protection. *Id*. Plaintiff contends that Correctional Officer Wagner, Sergeant Centeno, and Lieutenant Caldwell have "incurred liability" for excessive force in violation of the Eighth Amendment. *Id*. at 2. Plaintiff contends that he has documentation of a due process violation to support his claim that he was wrongfully accused in violation of the Eighth Amendment. *Id*.

Defendants have not filed a response to Plaintiff's objections.

## DISCUSSION

The duties of the district court in connection with the Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

The Court has considered all of Plaintiff's objections and reviewed *de novo* all portions of the R&R and filings in this case and concludes that the Magistrate Judge correctly recommended that Defendants' Motion to Dismiss be GRANTED in part and DENIED in part. Plaintiff has filed objections to the Report and Recommendation in which he seeks leave to file a Second Amended Complaint re-alleging the claims that were dismissed from the First Amended Complaint without prejudice and with leave to amend.

The Court concludes that the Magistrate Judge correctly dismissed the claims without prejudice and correctly recommended that Plaintiff be given leave to amend.   Plaintiff's request to file a Second Amended Complaint re-alleging the claims that were dismissed from the First Amended Complaint without prejudice and with leave to amend is GRANTED.

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 51) is ADOPTED in its entirety.  The Motion to Dismiss filed by Defendants Centeno, Wagner, and Caldwell (ECF No. 48) and the Motion to Dismiss filed by Defendant Ramirez (ECF No. 39) are GRANTED in part and DENIED in part.  Plaintiff's claim for violation of the Due Process Clause contained in the Fourteenth Amendment based on his placement in administrative segregation is DISMISSED without prejudice and with leave to amend. Plaintiff's claim for violation of  Due Process based on his lost property is DISMISSED with prejudice.  Plaintiff's claim for violation of the Equal Protection clause contained in the Fourteenth Amendment is DISMISSED without prejudice and with leave to amend. Plaintiff's claim for excessive force in violation of the Eighth Amendment against Correctional Officer Wagner, Sergeant Centeno, and Lieutenant Caldwell have incurred liability is DISMISSED without prejudice and with leave to amend.  Plaintiff's claim for excessive force in violation of the Eighth Amendment against Ramirez is DENIED. Plaintiff's claim for violation of the Eighth Amendment based on false accusation of a rules violation is DISMISSED without prejudice and with leave to amend.  Plaintiff's claim for false arrest is DISMISSED with prejudice.  Plaintiff's claim for defamation is DISMISSED without prejudice and with leave to amend.

Plaintiff may file a Second Amended Complaint no later than thirty (30) days from the date of this order.

IT IS SO ORDERED.

DATED:  January 24, 2012

**WILLIAM Q. HAYES**
United States District Judge