UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO NUNEZ,<br><br>                      Plaintiff,<br><br>    v.<br><br>C/O F. RAMIREZ;<br><br>                      Defendants. | Civil No. 09-CV-413-WQH (BGS)<br><br>**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 62] |

### I. PROCEDURAL BACKGROUND

Plaintiff Eduardo Nunez ("Plaintiff"), a state prisoner proceeding *pro se*, brought this action under 42 U.S.C. § 1983. Plaintiff was granted leave and filed a First Amended Complaint ("FAC") on February 25, 2011. (Doc. Nos. 36-37.) On March 14, 2011, Defendant F. Ramirez filed a Motion to Dismiss the FAC. (Doc. No. 39.) On May 26, 2011, Defendants Wagner, Centeno, and Lieutenant Caldwell filed a Motion to Dismiss the FAC. (Doc. No. 48.) On August 2, 2011, Plaintiff filed an Opposition to both Defendant Ramirez's and Defendants Wagner, Centeno, and Caldwell's Motions to Dismiss the FAC. (Doc. No. 50.) On November 14, 2011, the Court issued an order granting the Motion to Dismiss in part and denying it in part. (Doc. No. 51.) Specifically, the Court denied Defendant Ramirez's Motion to Dismiss, but granted Defendants Wagner, Centeno, and Caldwell's Motion to Dismiss the FAC. (*Id.*)

1  On February 14, 2013, Defendant Ramirez filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. No. 62.) On March 6, 2013, Plaintiff filed an Opposition to Defendant Ramirez's Motion for Summary Judgment. (Doc. No. 64.) Plaintiff filed an additional Opposition to the Motion for Summary Judgment on April 18, 2013. (Doc. No. 70.) Defendant Ramirez did not file a reply. As such, pending before the Court is Defendant Ramirez's Motion for Summary Judgment. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation. For the reasons set forth below, the Court **RECOMMENDS** that Defendant Ramirez's Motion for Summary Judgment be **DENIED**.

## II. FACTUAL BACKGROUND

The following facts are uncontroverted:

At all relevant times, Plaintiff was incarcerated at Centinela State Prison ("Centinela"). (FAC at 4; Doc. No. 62-2 at 2.) On May 12, 2007, Plaintiff was standing with a group of inmates in the prison "A" Yard. (*Id*.) While Plaintiff stood in the group, Defendant Ramirez and one other correctional office confronted Plaintiff. (*Id*.) Defendant Ramirez accused Plaintiff and Plaintiff's group of drinking illegally manufactured alcohol. (*Id.*) Plaintiff replied, "If you saw who was drinking why don't you address that person instead of disrespecting everybody." (FAC at 4.) Plaintiff and Ramirez then exchanged a series of insults in which they called each other "stupid." (*Id.*) Thereafter, the group was ordered to submit to a body search. (FAC at 4; Doc. No. 62-2 at 2.)

From this point forward, Plaintiff and Defendant Ramirez allege conflicting facts. Plaintiff asserts that Defendant Centeno ordered him to submit to an unclothed body search. (FAC at 4.) Plaintiff claims that he was handcuffed after the search, and Defendant Ramirez took him to the program office. (*Id.*) Plaintiff alleges that, en route to the program office, he said to Defendant Ramirez, "Ya mamasela," at which point Defendant Ramirez pulled Plaintiff to the ground and repeatedly ground his face into the floor. (FAC at 5.) Plaintiff claims that he crossed his legs to show that he was not resisting. (*Id.*)

Defendant Ramirez asserts that he did not search Plaintiff, but instead immediately handcuffed him and headed toward the medical clinic because he believed Plaintiff was intoxicated. (Doc. No. 62-2 at 2.) Defendant Ramirez claims that Plaintiff then began to resist and struck

Defendant Ramirez in the chest with his elbow. (*Id.*) Defendant Ramirez alleges that he used his body weight to take Plaintiff to the ground and regain control but denies that he ground Plaintiff's face into the floor. (*Id.*)

Both parties report that, as a result of the altercation, Plaintiff's lip was injured. (FAC at 4; Doc. No. 62-2 at 2.) After the altercation, Lieutenant Caldwell arrived and helped escort Plaintiff to the medical office. (*Id.*) Subsequently, Defendant Ramirez left. (*Id.*)

## III. DEFENDANT RAMIREZ'S MOTION FOR SUMMARY JUDGMENT

Defendant Ramirez moves for summary judgment on the basis that there is no genuine issue of material fact about whether or not his use of force was excessive when he acted to subdue Plaintiff after being attacked. (Doc. No. 62-2 at 2, 6.) Specifically, Defendant Ramirez argues that Plaintiff's allegations do not support an excessive force claim because Defendant Ramirez used *de minimis* force in order to gain Plaintiff's compliance with an order. (Doc. No. 62-2 at 6, 8.) Plaintiff replied that Defendant Ramirez's recollection of the facts consistently changes, and there is a genuine issue of material fact as to whether or not Defendant Ramirez used excessive force. (Doc. No. 64 at 1-2.)

### A. Fed. R. Civ. P. 56 Standard of Review

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute regarding a material fact is genuine if the evidence is such that a reasonable trier of fact could return a verdict in favor of the nonmoving party. *Id.*

A party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). Where the movant will have the burden of proof of an issue at trial, it must "affirmatively demonstrate that no reasonable trier of fact could

find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). "On an issue as to which the nonmoving party will have the burden of proof, however, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id.* (citing *Celotex*, 477 U.S. at 323).

If the movant has sustained its burden, the nonmoving party must "show a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in [its] favor." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (citing *Anderson*, 477 U.S. at 257) (emphasis in the original). Although the nonmoving party need not establish a material issue of fact conclusively in its favor, it may not simply rely on "bald assertions or a mere scintilla of evidence in [its] favor" to withstand summary judgment. *Stefanchik*, 559 F.3d at 929. Indeed, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun*, 509 F.3d at 984. Rather, "the evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [his or her] favor." *Anderson*, 477 U.S. at 255; *see T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630-31 (9th Cir. 1987). Inferences, however, are not drawn out of the air; it is the nonmoving party's obligation to produce a factual predicate from which the inference may justifiably be drawn. *Richards v. Nielsen Freight Lines*, 602 F.Supp. 1224, 1244-45 (E.D. Cal. 1985).

**B. Eighth Amendment § 1983 Claim–Excessive Force**

When an inmate claims that officials used excessive force, in order to make out an Eighth Amendment claim, the prisoner must demonstrate that officials applied force "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320 (1986). A prisoner, like Plaintiff, asserting malicious and sadistic use of force need not show that such force caused an "extreme deprivation" or "serious" or "significant" pain or injury to establish a cause of

action. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). All that is necessary is proof of more than *de minimis* pain or injury. *Id.* at 9.

The Supreme Court directs courts to balance several factors in determining whether prison officials acted maliciously and sadistically. The factors originally set out in *Whitley*, include: (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat "reasonably perceived by the responsible officials," and (4) "any efforts made to temper the severity of a forceful response." *Hudson*, 503 U.S. at 7. (citations omitted). The absence of serious injury is a relevant, but not dispositive, additional factor to be considered in the subjective analysis. *Id*. In *Hudson*, the Supreme Court held that "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." 503 U.S. at 4. "Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010).

In situations involving institutional security, courts afford prison administrators extensive deference in their decisions regarding policies and practices necessary to preserve internal order and discipline. *Hudson*, 503 U.S. at 6. But when institutional security is not at stake, an official's license to use force is relatively limited. *See id.* at 13 (Stevens, J., concurring in part and concurring in the judgment). In such cases, a plaintiff is not required to prove malicious and sadistic use of force by a defendant. *See id.* Rather, a plaintiff's allegations of "unnecessary and wanton infliction of pain" may suffice. *See id.*

1. **Application to Plaintiff's Complaint**

Defendant Ramirez does not meet his initial burden of demonstrating an absence of a genuine material fact. Although there is no requirement that the moving party support its motion with evidence negating the non-moving party's claim, the moving party must, at a minimum, identify an absence of evidence to support the non-moving party's claims or defenses. *Celotex*, 477 U.S. at 325, 327.

Defendant Ramirez asserts that Plaintiff "cannot establish evidence to show that the force used rises to the level of an Eighth Amendment violation." (Doc. No. 62-2 at 8.) Defendant Ramirez, however, does not identify "portions of the pleadings, depositions, answers to interrogatories . . . admissions on file . . . or affidavits" that demonstrate that Plaintiff lacks evidence to prove his case. *See Celotex*, 477 U.S. at 323. Rather than point out an absence of evidence in Plaintiff's case, Defendant Ramirez attempts to argue that he is entitled to judgment as a matter of law. (Doc. No. 62-2 at 7-8.) Defendant Ramirez asserts that Plaintiff cannot meet his burden at trial to show that prison officials subjected him to "unnecessary and wanton infliction of pain" because "Defendant Ramirez used the minimum force necessary . . . to gain control of Plaintiff after Plaintiff assaulted Ramirez." (Doc. No. 62-2 at 5.)

Defendant Ramirez asserts that he is entitled to summary judgment because the fact that (1) Plaintiff was resisting, (2) Plaintiff struck Defendant Ramirez in the chest, and (3) Defendant Ramirez used his body weight to take Plaintiff to the ground but did not grind his face into the floor show that Defendant Ramirez, as a matter of law, used *de minimis* force to "restore order after Plaintiff resisted." (*Id.* at 1-2, 9.) Defendant Ramirez bases his argument on his assertion that these facts are "not in dispute." (*Id.* at 1.) Thus, Defendant Ramirez claims that there is no genuine issue of material fact regarding whether Defendant Ramirez used excessive force. (*Id.* at 8.)

Contrary to Defendant Ramirez's assertion, however, the material facts are in dispute. Defendant Ramirez claims that Plaintiff resisted; whereas Plaintiff claims that he did not resist. (Doc. No. 62-2 at 2; FAC at 5.) Defendant Ramirez claims that Plaintiff struck him in the chest; yet, Plaintiff denies touching Defendant Ramirez. (*Id.*) Finally, Defendant Ramirez denies that he ground Plaintiff's face into the floor; but Plaintiff asserts that Defendant Ramirez did grind his face into the ground. (*Id.*) These facts are material in determining whether Defendant Ramirez's conduct amounted to a violation of Plaintiff's Eighth Amendment right.

Defendant Ramirez has not "point[ed] out that there is an absence of evidence to support the nonmoving party's case," nor has he shown that no factfinder could reasonably find for the non-moving party. *Celotex*, 477 U.S. at 323; *Soremekun*, 509 F.3d at 984. Instead, Defendant Ramirez has merely argued that he is entitled to a favorable judgment based on his own version of the facts.

1 | The Court determines, therefore, that Defendant Ramirez has not met his initial burden of
2 | demonstrating a lack of support for Plaintiff's claim.

Further, the Court finds that Plaintiff has established that there is a genuine issue of material fact. *See Matsushita*, 475 U.S. at 585; *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). In fact, this is a classic example of a factual dispute necessitating determination by a jury.

Specifically, Plaintiff produced affirmative evidence that, on May 12, 2007, Defendant Ramirez applied force "maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. at 310. In addition to the FAC, Plaintiff submitted two oppositions to Defendant Ramirez's Motion for Summary Judgment.[1] (Doc. Nos. 64, 70.) In these documents, Plaintiff claims that Defendant Ramirez ground his face into the ground after he merely said to Defendant Ramirez, "ya mamasela." (Doc. Nos. 64 at 2, 70 at 3; FAC at 5.) Plaintiff asserts that he was handcuffed and was not resisting. (*Id.*) Although self-serving declarations and affidavits, without more, cannot create a disputed material fact, *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002), Plaintiff corroborates his allegations with a copy of the Rules Violation Report and the Medical Report. (Doc. Nos. 64 at 3-4, 70 at 5-7.) The Rules Violation Report shows that, at Plaintiff's hearing, he asked another inmate, "Did I resist, struggle, or batter [Defendant] Ramirez?" The inmate replied, "I do not remember this happening." (Doc. Nos. 67 at 3, 70 at 5.) Additionally, the Medical Report provides a record of Plaintiff's lip injury. (Doc. Nos. 67 at 7, 70 at 7.) These documents corroborate Plaintiff's assertions and show that there is more than "a mere scintilla of evidence in [Plaintiff's] favor." *Stefanchik*, 559 F.3d at 929

If Plaintiff's factual scenario is believed, as required by *Anderson*, it is plausible that a reasonable jury would find that Defendant Ramirez's actions were malicious and sadistic. If Plaintiff is believed that he was not resisting and did not elbow Defendant Ramirez, a jury could find that force was not applied "in a good faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 7. In any event, a reasonable jury could find that grinding Plaintiff's face hard enough to

---

[1] This Court acknowledges that Plaintiff's FAC is not verified, and his oppositions were not made under penalty of perjury. Because Plaintiff is a layman of the law and is proceeding *pro se*, however, this Court disregards these procedural flaws for the purpose of this motion.

cause injury in response to a verbal assault was, at least, "unnecessary and wanton." *Id.* at 13; *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1891) (Pain without penological purpose is wanton and unnecessary). Thus, the Court finds that Plaintiff has presented affirmative evidence that establishes a genuine issue of material fact.

In sum, Defendant Ramirez has not demonstrated the absence of a genuine issue of material fact. To the contrary, Defendant's assertions highlight the fact that there are issues of material fact that must be resolved by a jury. Therefore, the Court **RECOMMENDS** that Defendant Ramirez's Motion for Summary Judgment be **DENIED**.

### C. Qualified Immunity

In the alternative, Defendant Ramirez moves for summary judgment on the basis of qualified immunity. (Doc. No. 62-2 at 9.) Qualified immunity protects government officials from civil liability so long as their conduct "'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Moss v. U.S. Secret Serv.*, 675 F.3d 1213, 1222 (9th Cir. 2012) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citations omitted)). This immunity ensures that "public officials may be held 'accountable when they exercise power irresponsibly,' while 'shield[ing]' them 'from harassment, distraction, and liability when they perform their duties reasonably.'" (*Id.*)

The courts conduct a two-prong analysis, set forth in *Saucier v. Katz*, 522 U.S. 194 (2001), to determine whether a defendant is entitled to qualified immunity. *Moss*, 675 F.3d at 1222 (citing *Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011)). "Government officials are denied qualified immunity only if (1) 'the facts that a plaintiff has alleged . . . make out a violation of a constitutional right;' and (2) 'the right at issue was clearly established at the time of [the] defendant's alleged misconduct.'" *Moss*, 675 F.3d at 1222 (quoting *Pearson*, 555 U.S. at 231)). The Court has the discretion, in light of the circumstances of a case, to decide which prong to address first. *See Pearson*, 555 U.S. at 236.

Due to the circumstances surrounding this case, this Court decides that it is "worthwhile" to adopt the analysis set forth in *Saucier. See Pearson,* 555 U.S. at 225. Assuming Plaintiff's version of the facts is true, this Court must determine whether (1) Defendant Ramirez violated Plaintiff's

Eighth Amendment rights when, while Plaintiff was handcuffed and unresisting, Defendant Ramirez pulled Plaintiff to the floor and ground his face into the floor, causing a lip abrasion (FAC at 5;) and (2) a reasonable officer would have known that such conduct was unconstitutional.

Plaintiff's allegations, if true, establish an Eighth Amendment violation. The degree of injury an inmate suffers is not dispositive for an excessive force claim. *Hudson*, 503 U.S. at 7. Rather, the inquiry is whether the degree of force the defendant applied was malicious and sadistic, "for the very purpose of causing harm," or used "in a good faith effort to maintain or restore discipline." *Id.* at 6. Plaintiff avers that Defendant Ramirez took Plaintiff to the ground and ground his face into the floor while Plaintiff was handcuffed and not resisting. Therefore, if proven, these facts demonstrate that Defendant Ramirez used greater than *de minimis* force with the intent to harm Plaintiff. Thus, for the purposes of resolving this Motion for Summary Judgment, Defendant Ramirez's actions violated the Eighth Amendment.

Plaintiff's allegations would also establish that Defendant Ramirez violated clearly established law. In 1992, *Hudson* articulated the "malicious or sadistic" legal standard, providing officers with notice that such conduct is unlawful. *See* 503 U.S. at 7-10 (holding the guards violated the plaintiff's Eighth Amendment right when they punched and hit him while escorting him between prison facilities, even though the plaintiff suffered only minor injuries). A reasonable officer would know that intentionally harming a prisoner without a permissible purpose violates the Eighth Amendment.

In sum, if Plaintiff's version of the facts is true, Defendant Ramirez is not entitled to qualified immunity. As such, this Court **RECOMMENDS** that Defendant Ramirez's Motion for Summary Judgment based on qualified immunity be **DENIED.**

## IV. CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that Defendant Ramirez's Motion for Summary Judgment be **DENIED**. This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. section 636 (b)(1).

**IT IS HEREBY ORDERED** that no later than August 7, 2013, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within fourteen (14) days of being served with objections.

**IT IS SO ORDERED.**

DATED: July 22, 2013

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court