# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO NUNEZ,<br><br>                     Plaintiff,<br>    vs.<br><br>C/O F. RAMIREZ,<br><br>                    Defendant. | CASE NO. 09-CV-413-GPC (BGS)<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Dkt. No. 62.] |

## INTRODUCTION

Plaintiff Eduardo Nunez ("Plaintiff"), a state prisoner proceeding *pro se*, brought an action under 42 U.S.C. § 1983 against Defendant Correctional Officer F. Ramirez ("Defendant") for violating his Eight Amendment right against excessive force. Defendant moves for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule"). On July 22, 2013, the Magistrate Judge issued a Report and Recommendation denying Defendant's Motion for Summary Judgment. (Dkt. No. 74.) After careful consideration of the pleadings and relevant evidence, and for the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Defendant's Motion for Summary Judgment.

## PROCEDURAL BACKGROUND

Plaintiff filed his First Amended Complaint ("FAC") on February 25, 2011 against Defendants Correctional Officer F. Ramirez, Sergeant Centeno, Lieutenant

Caldwell, and Correctional Officer Wagner. On March 14, 2011, Defendant Ramirez filed a Motion to Dismiss the FAC. (Dkt. No. 39.) On May 26, 2011, Defendants Wagner, Centeno and Caldwell filed a Motion to Dismiss the FAC. (Dkt. No. 48.) On August 2, 2011, Plaintiff filed an Opposition to both Defendant Ramirez's and Defendants Wagner, Centeno, and Caldwell's Motion to Dismiss. (Dkt. No. 50.) On January 24, 2012, the Court issued an order adopting the Magistrate Judge's Report and Recommendation granting the Motion to Dismiss in part and denying in part. (Dkt. No. 55.) The Court denied Defendant Ramirez's Motion to Dismiss but granted Defendants Wagner, Centeno, and Caldwell's Motion to Dismiss the FAC. (*Id*.)

On February 14, 2013, Defendant Ramirez filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (Dkt. No. 62.) On April 18, 2013, Plaintiff filed Oppositions to Defendant's Motion for Summary Judgment. (Dkt.Nos. 64, 70)

## BACKGROUND

The following facts are undisputed and are taken from the Magistrate Judge's Report and Recommendation. On May 12, 2007, Plaintiff was an inmate at Centinela State Prison ("Prison"). During the relevant time, Defendant Ramirez was employed as a correctional officer for the Prison. Officer Wagner noticed four inmates drinking a red liquid out of a clear plastic can. Officer Wagner alerted Defendant Ramirez and Sergeant Centeno of the violation. Defendant approached the group of inmates and accused Plaintiff of drinking illegally manufactured alcohol. Plaintiff suggested to the Defendant, "If you saw who was drinking why don't you address that person instead of disrespecting everybody." Plaintiff and Defendant then exchanged a series of crude insults. Thereafter, the group of prisoners were ordered to submit to a body search.

From this point forward, the parties allege conflicting facts. Plaintiff contends that Sergeant Centeno ordered him to submit to an unclothed body search. Plaintiff was then handcuffed, and Defendant Ramirez took him to the program office. While Defendant was transferring Plaintiff to the program office, he alleges that he said to

Defendant Ramirez, "Ya mamasela".  Defendant Ramirez responded by pulling Plaintiff to the ground and repeatedly ground his face into the floor.  Plaintiff contends that he crossed his legs to show he was not resisting.

Defendant Ramirez asserts a different factual scenario. Defendant claims that he did not conduct an unclothed search of Plaintiff. Rather, Defendant asserts that he immediately handcuffed Plaintiff and headed toward the medical clinic to determine if Plaintiff was intoxicated. Defendant contends that Plaintiff began to resist and struck Defendant in the chest with his elbow. Defendant tried to regain control of Plaintiff by using his body weight to take Plaintiff to the ground. Defendant denies that he ground Plaintiff's face into the floor.

Both parties agree that Plaintiff's injury was the result of the altercation.

## DISCUSSION

### I. Scope of Review of Magistrate Judge's Report and Recommendation

The Court will review the objections Magistrate Judges's Report and Recommendation *de novo* pursuant to 28 U.S.C. § 636(b)(1).  The district court "must make a *de novo* determination of those portions of the report...to which objection is made," and "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate." *Id*.; *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

### II. Legal Standard pursuant to Federal Rule of Civil Procedure 56(c)

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id*. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

"The district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced herein." *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001). Therefore, the court is not obligated "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)). If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970). Where a nonmoving party has the burden of proof, the movant can prevail by simply pointing out that there is an absence of evidence of evidence to suppose the nonmoving party's case. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

If the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) (citing *Anderson*, 477 U.S. at 252) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient."). Rather, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by 'the

depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.

To resolve a summary judgment motion, evidence of the nonmoving party is to be believed, and all justifiable inferences are to be drawn in the nonmoving party's favor. *Anderson*, 477 U.S. at 255. However, a "court need not draw *all* possible inferences in [the nonmoving party's] favor, but only all *reasonable* ones." *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1065 n. 10 (9th Cir. 2002) (emphasis in original).

**III. Analysis**

Defendant objects to the Report and Recommendation arguing that Plaintiff did not submit any admissible evidence to create a triable issue of material fact. The Report and Recommendation takes note that Plaintiff failed to submit any sworn statement in support of his opposition; however, the Magistrate Judge noted that Plaintiff produced affirmative evidence. (Dkt. No. 74, Report and Recommendation at 7.)

In order to make an Eighth Amendment excessive force claim, the prisoner must demonstrate that an official applied force "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Alberts*, 475 U.S. 312, 320 (1986). A prisoner asserting malicious and sadistic use of force need not show that such use of force caused an "extreme deprivation" or "serious" or "significant" pain or injury. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). In *Hudson*, the Supreme Court held that "the use of excessive use of physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Id*. at 4.

In situations involving institutional security, courts afford prison administrators extensive deference in their decision regarding policies and practices necessary to preserve internal order and discipline. *Id.* at 6. However, when institutional security is not at stake, an official's license to use force is relatively limited. *Id.* at 13. (Stevens, J, concurring in part and concurring in the judgment). In such cases, a plaintiff is not required to prove malicious and sadistic use of force by a defendant. *See id.* Rather, a

plaintiff's allegation of "unnecessary and wanton inflection of pain" may suffice. *See id.*

Presently, Plaintiff contends a different set of facts than Defendant Ramirez. Plaintiff asserts that he did not hit Defendant in the chest. Defendant claims Plaintiff did. Plaintiff claims that he did not resist. (Dkt. No. 37, FAC at 5.) Defendant, however, claims that Plaintiff did. (Dkt. No. 62-2 at 2.) Plaintiff alleges that Defendant intentionally slammed and ground his face into the ground. (Dkt. No. 37, FAC at 5.) Conversely, Defendant Ramirez contends he had to take Plaintiff down and use his body weight to subdue Plaintiff with no mention of grinding his head into the ground. (Dkt. No. 62-2 at 2.) Contrary to Defendant Ramirez's assertion that there is not a genuine issue of material fact, the fact that Defendant Ramirez is stating his set of facts illustrates material facts are in dispute. These facts are material in determining whether Defendant Ramirez's conduct violated Plaintiff's Eight Amendment right.

The Court acknowledges that most of Plaintiff's statements originate from his pleading. However, Plaintiff corroborates his statements with a copy of the Rules Violation Report. (Dkt. Nos. 64, 70.) Specifically, the Rules Violation Report shows that, at Plaintiff's hearing, he asked another inmate, "Did I resist, struggle, or batter Ramirez?" The inmate replied, "I don't remember this happening." (Dkt. No. 70 at 5.) Plaintiff asserts and is supported by witness testimony at the Plaintiff's hearing that he did not resist. (*Id.*) Defendant claims that Plaintiff did resist.  This alone creates a genuine issue of material fact. Furthermore, the Medical Report provides a record of Plaintiff's injury. (*Id.* at 5-7)

"Because [the excessive force inquiry] nearly always requires a jury to sift through factual contentions, and to draw inferences therefrom, we have held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly." *Smith v. City of Hemet*, 396 F.3d 689, 701 (9th Cir. 2005) (citing *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002)).

The Court, as required by *Anderson*, must take as true the evidence put forward

by Plaintiff. It is then plausible, after making all reasonable inferences, that a reasonable jury could rule in favor of the Plaintiff. The Court finds that Plaintiff has presented evidence that establishes a genuine issue of material fact. *See Anderson*, 477 U.S. at 255.

## CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the Report and Recommendation and **DENIES** Defendant's Motion for Summary Judgment.

IT IS SO ORDERED.

DATED: September 24, 2013

HON. GONZALO P. CURIEL
United States District Judge